OCTOBER AND NOVEMBER TERM, 1884, No. 118. OCTOBER 31, 1884.

## Courtney *v.* Keller *et al.*

1. A grant of land in fee to a school-board provided " that in case the school law now in existence should be abolished, and the public school cease to exist," the land should revert. The school-board subsequently purchased another lot, removed a portion of the school-building, fitted up the remainder as a dwelling, and leased it to their janitor for a money rental.

*Held* in ejectment by the assignee of the heirs of the grantor that the design of the deed was not to enable the directors to raise a revenue. by building dwellings upon the lot and renting them; but that the intention of the parties was fully interpreted and fulfilled when a school-house was erected; and that when there was an abandonment of the use the right ceased.

2. The word " or " should be read for the word " and " in the clause of the deed which says, " that in case the school law now in existence should be abolished, and the public school cease to. exist," then the land should revert.

Before MERCUR, C. J. ; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny County.*

Ejectment by James M. Courtney against Benhart Keller and the board of school-directors of the school-district of Kilbuck township for $16\frac{8}{10}$ perches of land in Kilbuck township.

On the trial before WHITE, J., the following facts appeared : The lot in dispute had been used for school purposes, with the consent of its owner, Wm. Courtney, by the board of school-directors of Ohio township, from about the year 1838 up to the date of Wm. Courtney's death in 1853. The title to the lot then vested in Margaret Courtney, who, on October 21, 1861, at the request of a committee of the school-board, appointed for the purpose, executed and delivered to the " school-directors of Ohio township and their successors in office," a deed for the same, which contained the following provision :

" The above-described lot is for the use of a public

school, known as school No. 6, in Ohio township; and
it is further agreed, by the above-named parties, that in
case the school law now in existence should be abolished,
and the public school cease to exist, then the above-re-
cited lot shall revert back to the parties of the first part,
their heirs and assigns, but the house and buildings
thereon shall be the property of the parties of the second
part, and be sold as such, to be removed in thirty days
after day of sale."

In 1868, Ohio township was divided into two, and the
lot in question fell to the school-board of Kilbuck town-
ship, who continued to maintain a school-house upon it
until 1882, when they purchased a lot of ground distant
some one hundred and fifty yards from the old lot, re-
moved a portion of the school-buildings to the new lot,
fitted up the remainder as a dwelling-house, and rented
the same to their janitor, one of the defendants in the
ejectment, for five dollars per month. The district schools
continued to be carried on exclusively upon the new lot.
Prior to this time, in 1864 and 1871, the heirs of Margaret
Courtney (who had died unmarried and intestate June
13, 1862,) had conveyed, by several deeds, all their interest
in the lot in question to James M. Courtney, the plaintiff
in the ejectment.

The Court charged the jury as follows:

If the jury find the following facts:

"*First.* That the lot in dispute was originally given by
parol by the father of Margaret Courtney for school
purposes, on which a school-house was erected and used
for school purposes many years before the title vested in
Margaret Courtney.

*Second.* That when Margaret Courtney executed the
deed of 21st October, 1861, she was of sound mind.

*Third.* That after the execution of said deed, another
school-room was erected on said lot by the school-district,
and both rooms were used for school purposes until Ohio
township was divided in 1868, and after that used for the
same purpose by the district of Kilbuck township until
1882, when a new school-house was erected for the same
school-district on another lot purchased for the purpose
about 150 yards distant from the lot in dispute.

*Fourth.* That since the erection of said new school
house the buildings on the lot in dispute have not been
used for school purposes, one of them having been re-
moved, and the other changed into a dwelling-house and
occupied by the janitor of the school, under a lease from
the school-directors of Kilbuck township.

[Courtney *v*. Keller *et al.*]

*Fifth.* That the lot has been abandoned for school purposes, that is, for holding school upon it, and is used and intended to be used only as a tenant house for the janitor of the schools.

Then your verdict should be for the plaintiff for the lot described in the writ, with six cents, damages and costs, subject to the opinion of the court *in banc* on the question of law reserved, to wit: whether under the deeds from the heirs of Margaret Courtney to the plaintiff, and the facts above stated, the plaintiff is entitled to recover, this action being commenced 22d October, 1883, and also subject to the opinion whether the school-district has a right to remove or sell the building now on the lot.''

Verdict accordingly for the plaintiff.

Subsequently, the court entered judgment for the defendant *non obstante veredicto*, filing the following opinion:

''The deed of Margaret Courtney contains this provision: ' The above-described lot is for the use of a public school known as school No. 6, in Ohio township, and it is further agreed by the above named parties that in case the school law now in existence should be abolished and the public school cease to exist, then the above-recited lot shall revert back to the parties of the first part, their heirs or assigns; but the house and buildings thereon shall be the property of the parties of the second part, and be sold as such to be removed in thirty days after day of sale.'

''The lot had originally been given by parol for school purposes by the father of Miss Courtney, on which a school-house had been erected and used for school purposes for more than twenty years before she executed the above deed. It is likely the school-district had a good equitable title in fee simple to the lot at the time the above deed was executed; but by accepting the deed and claiming under it, it may be bound by the condition in the deed.

''What is the proper construction of the reversionary condition? If it means that the lot shall revert as soon as the buildings cease to be used for holding schools in them, then the plaintiff is entitled to recover. But if the district has a right to use the lot and buildings for any purpose connected with the school, the plaintiff cannot recover. Or if the condition refers only to the abolition of the school law, the plaintiff cannot recover.

''The latter seems to us to be the true construction. Whether the school-district had the right to sell the lot

[Courtney *v.* Keller *et al.*]

and can make a good title to the purchaser need not be decided now. But while the house is occupied by the janitor of the school and used by him as a residence, it is still in use for school purposes in a general sense. That he pays rent is immaterial, for that goes to make up his salary as janitor. The school law has not been abolished, the public schools and the school of this district still exist, and this lot is still used in connection with the school of the district. Under these facts we think the plaintiff is not entitled to recover

" It is, therefore, ordered that judgment be entered for the defendants *non obstante veredicto.* And now, June 11, 1884, judgment accordingly."

Whereupon, the plaintiff took this writ, assigning for error, *inter alia,* the entry of judgment for the defendant *non obstante veredicto,* on the reserved question, the manner and form of reserving the question, the disposition thereof, and that the Court had undertaken to construe the deed from Margaret Courtney to the school-directors of Ohio township, the same not having been comprehended in the reserved question.

*Robb & Fitzsimmons* for plaintiff in error.

The clause in the deed, viz : " It is further agreed by the above-named parties that in case the school law now in existence should be abolished and the public school cease to exist, then the above-recited lot shall revert back to the parties of the first part, their heirs or assigns, but the house and buildings thereon shall be the property of the parties of the second part, and be sold as such, to be removed in thirty days after day of sale," comprehends a reversion of the lot of ground when the same may be abandoned for the keeping of a school-house for the education of the youth of the district. We submit this is the proper construction of said deed. The special verdict of the jury, rendered under the care of the court, found that the premises were abandoned for " school purposes." The term " school purposes," if it means anything, should mean the legitimate purposes of school districts, viz : for the erection, maintenance, or keeping of school-houses. It surely does not mean that the school-district shall purchase and retain property for speculative or rental purposes. The verdict of the jury establishes the fact that the property is held for the maintenance of a tenant house, and for no other purpose. We contend that this is clearly contrary to public policy. The conjunctive " and" between the two clauses, " That

[Courtney *v.* Keller *et al.*]

in case the school law now in existence should be abolished," and the clause, "The public school cease to exist" should be read as the disjunctive "or." This would make a very proper and important change in the construction of the deed. This change would make the conditional clause read thus : "That in case the school law now in existence should be abolished, or the public school cease to exist, then the above-recited lot shall revert back to the parties of the first part, their heirs or assigns." That these clauses should be construed as though the disjunctive "or" were written rather than the conjunctive "and" is evident by the succeeding clause. "But the house and buildings thereon shall be the property of the parties of the second part, and be sold as such, to be removed in thirty days after day of sale." If the school law should be abolished, and the public school cease to exist, why provide that the house and buildings thereon should be sold by the school-district when the same should be no longer in existence? Now, the exact propositions offered to be proved by the plaintiff, as comprehended in the assignments of error, were, that as soon as the public school law should be abolished the land should immediately revert to the grantor, her heirs and assigns, or, if "the public school cease to exist" as a school on said land, then there should be a reversion. If the property should only revert when the "school law now in existence should be abolished," why add the clause, "and the public school cease to exist," when by the very fact that the school law was abolished the public school must of necessity cease to exist?

The Court, in reserving the question, in some way entirely overlooked the main question in the case. There was no dispute as to the validity of the deeds from Margaret Courtney's heirs to the plaintiff. The construction of the deed of Margaret Courtney to the school-district forms no part of the reserved question.

"If a point of law be reserved on the trial of a cause, the point and the fact upon which it arises must be stated upon the record in order to authorize the court to enter judgment *non obstante veredicto:*" Irwin *v.* Wickersham, 1 Casey, 316 ; Wilson *et al. v.* Steamboat Tuscarora, 1 Casey, 317 ; Clark & Shaw *v.* Wilder, *Id.*, p. 314 ; Wallingford *v.* Dunlap, 14 Pa. St., 31 ; Craven *v.* Gearhart, 1 W. N. of C., 257 ; Winchester *v.* Bennett, 4 P. F. S., 510 ; Wilde *v.* Trainor, 9 P. F. S., 442 ; Commonwealth *v.* McDowell, 5 Norris, 379.

[Courtney v. Keller et al.]

*Henry A. Davis* for defendants in error.

The terms of the deed have a certain and definite, and a very reasonable and proper meaning.

I cannot see why the plaintiff should cull out the word "*and*," and insert the word "*or*," in place of it. The event upon which the lot is to revert has not happened, and the lot is still used for school purposes. Even if defendants should cease to use it for the purpose for which the deed says it shall be used, and sell it or use it for any other purpose not in any manner connected with the schools, it would not revert to the grantor.

The clause providing for the reversion of the lot does not provide for its reversion upon the grantees ceasing to use it for the purpose directed, so the two clauses cannot be tacked together.

A deed is to be taken most strongly against the grantor. An estate, upon condition, cannot be created by a deed, except where the terms of the grant will admit of no other reasonable construction: 2 Washburn on Real Property, 4.

A condition defeating the grant is to be strictly construed: 2 Bacon's Abr., 279; 4 Kent's Coms., 129 and 132.

It is a well-known principle of the English law that a grant declared to be for a special purpose, without other words cannot be construed to be a grant upon condition: 2 Coke on Littleton, 204 a; Shephard's Touchstone, 123; Cowper v. Andrews, Hob., 41; Norfolk's Case Dyer, 138 a.

And the law so declared has always been followed in America: Packard v. Ames, 16 Gray, 327; Thornton v. Trammell, 39 Ga., 202; Rawson v. Town of Uxbridge, 7 Allen, 125; Church v. Waring, 24 Pick., 304.

November 13th, 1884.—The opinion of the Court was delivered by Gordon, J.:

In this case now presented for our consideration, there was, in the Court below, a verdict for the plaintiff for the land described in the writ, subject, nevertheless, to the opinion of the Court on certain reserved questions of law. When we turn to these reserved questions, we find them to be, first, whether, under the deeds of the heirs of Margaret Courtney to the plaintiff, James M. Courtney, he is entitled to recover. Second, whether the school-district has the right to remove or sell the buildings now on the lot. There is here, however, some mistake, for neither of the above questions entered into the controversy. The regularity of the deeds from the Courtney

[Courtney *v.* Keller *et al.*]

heirs to the plaintiff formed no part of the dispute, neither did the right of the school-directors to remove the buildings. The real and only point of discussion left for the decision of the Court was whether, under the deed of Margaret Courtney to the school-directors of Ohio township, dated October 21, 1861, the grantees had the right to retain the occupancy of the property after it was abandoned for school purposes, and it was, in fact, upon the construction of this deed, and not on the disposition of the reserved questions, that judgment was entered for the defendants. As the plaintiff exhibited an undoubted *prima facie* right to the possession of the lot of ground in controversy, we might, under the first reserved point, reverse the court below and order a judgment on the verdict. As, however, this would leave the real point in controversy undecided, we will, *ex gratia*, dispose of the question arising under the deed to the defendants. The subject of contention is found in a certain condition, in the above-named conveyance, which reads as follows: "The above-described lot is for the use of a public school, known as school No. 6, in Ohio township; and it is further agreed by the above-named parties that in case the school law now in existence should be abolished, and the public school cease to exist, then the above-recited lot shall revert back to the parties of the first part, their heirs and assigns, but the house and buildings thereon shall be the property of the parties of the second part, and be sold as such, to be removed in thirty days after day of sale." Now, whilst it must be admitted that the writer of this deed has not made the subject of which he was writing quite as perspicuous as he might have done, yet we think the intention of the parties is, after all, sufficiently expressed. The lot is for the use of a public school, known as No. 6, in Ohio township, and as public schools are not ordinarily maintained by rents from property owned by them, but by public taxes, we may take it for granted that the design of the deed was not to enable the directors to raise a revenue by building dwellings upon the lot and renting them to their janitor and others, but that the intention of the parties was fully interpreted and fulfilled when a school-house was erected thereon. But, clearly, if there had been no use of the lot for such purpose, the right could never have attached, and so, from the character of the grant itself, without reference to the condition, when there was an abandonment of the use, the right ceased. The obscurity arises from the language of the condition, but much of this dis-

[Craft *v.* Phillips.]

appears when we reflect upon the subject of the contract; that about which the parties were dealing. The district wanted a place for a "public" school-house, and Margaret Courtney was willing that her lot should be used for that purpose, but for no other; not for dwellings, nor for a private school; hence, when the law authorizing public schools should be abrogated, and, as a consequence, this public school cease to exist, the use was to fall and the right revert. But did this mean when such schools ceased to exist generally, or only the school or schools maintained on the lot in controversy? Certainly, the parties were thinking and writing about the latter only, and not about a general system of education. The directors might, if they chose so to do, maintain a school-house on the property in question as long as the general school law remained on the statute books, but as the grant was but for the one purpose, if they chose to withdraw the schools, and abandon the use to which they were limited, their right fell, of course, and they could not claim the premises for a purpose not found in their deed. We have, therefore, no hesitancy about adopting that reading of the condition suggested by the counsel for the plaintiff; that is, the substitution of the word "or" for "and;" thus: "In case the school law now in existence should be abolished, 'or' the public school cease to exist, the above-recited lot shall revert back," &c. Impelled by these considerations, we feel ourselves obliged to reverse the Court below, and to order judgment to be entered on the verdict for the plaintiff. Ordered accordingly.